## STATE v. JOHNSON et al.

No. 4634.   Decided May 10, 1928.   Rehearing Denied June 28, 1928.
(268 P. 561.)

*J. D. Pardee,* of Salt Lake City, for appellant.

*H. Van Dam, Jr.,* and *Walter Wright,* both of Salt Lake City, for the State.

CHERRY, J.

This appeal involves the question of priority as between two mortgages upon the same real estate, both executed by M. P. Johnson and wife, one in favor of the state of Utah, hereinafter called the state's mortgage, and the other in favor of McGarry Investment Company and E. A. Hodges, hereinafter called the McGarry mortgage.

The state brought this action to foreclose its mortgage against the mortgagors and the appellant Butler, who was the assignee of the McGarry mortgage. Upon the issue of priority as between the two mortgages a trial was had, resulting in a decree in favor of the state from which decree Butler has appealed.

The uncontradicted facts are that, prior to the conveyances hereinafter mentioned, the McGarry Investment Company, a corporation (of which E. C. McGarry was president), and E. A. Hodges were the owners of the land in controversy, and M. P. Johnson was in possession of it under an executory agreement to buy it. In February, 1924, it was agreed that a loan be negotiated from the state of Utah by Johnson, secured by a mortgage upon the land, the proceeds of which were to be paid to the sellers, and a second mortgage executed to the sellers to secure the payment of the remainder of the purchase price. Thereupon a deed was executed to Johnson, a loan of $3,500, secured by what purported and was represented to be a first mortgage on the land, was negotiated through E. C. McGarry from the state, and another mortgage to secure the payment of a promissory note for $2,500 was executed to the McGarry Investment Company and Hodges.

The deed to Johnson for the land in question was dated March 20, 1924, and was recorded in the office of the county

recorder April 7, 1924. The mortgage to the state of Utah was dated April 1, 1924; the certificate of acknowledgment was dated April 19, 1924, and it was recorded April 21, 1924. The McGarry mortgage was dated April 18, 1924. the certificate of acknowledgment bore the same date, and it was recorded April 23, 1924. This mortgage was understood by the parties to it to be a second mortgage, and the recording of it was purposely delayed until after the state's mortgage had been recorded. Upon the written order of the mortgagors, dated April 18, 1924, the proceeds of the loan secured by the state's mortgage was paid by the state to McGarry Investment Company and Hodges; the actual payment being made on April 28, 1924. Although the date of the certificate of acknowledgment of the state's mortgage was April 19, 1924, and that of the McGarry mortgage was April 18, 1924, the two mortgages were in fact acknowledged on the same day.

Appellant contends that the McGarry mortgage is first in time because the date of its certificate of acknowledgment is prior by one day to that of the state's mortgage, and that, it having been recorded before the state paid the consideration for its mortgage, the state lost the benefit of the prior record of its mortgage, upon the theory that it parted with the consideration with notice of the prior lien of the McGarry mortgage. Appellant cites and relies upon 5 Thompson on Real Property, § 4206, to the effect that a subsequent purchaser is bound by notice of prior unrecorded conveyance, or any other title or claim to the property, if it be received before he has actually paid a consideration or put himself to disadvantage. This rule can have no application to the facts in this case, because, if inquiry had been made by the state at the time, the answer would have been that the McGarry mortgage was only claimed to be a second mortgage, as the order of registration indicated. The original mortgagees of the McGarry mortgage, for numerous reasons, could not assert the priority of that mortgage as against the state. The evidence

was clear and undisputed that the loan from the state was made at their instance for their benefit; that they obtained the full proceeds of the loan; and that they uniformly acknowledged by numerous acts that the state's mortgage was first and their own second. Of this there can be no question. This leaves the matter depending upon whether appellant Butler, as the assignee of the McGarry mortgage and the indorsee of the note secured thereby, in the usual course, before maturity and without notice, is in a better situation with respect to the state's mortgage than his assignors. The order in which the mortgages were recorded indicated that the state's mortgage was the first and prior lien, and, as above shown, this was in accordance with the intention of the parties to both mortgages. Appellant purchased the McGarry mortgage with notice from the record that the state's mortgage was a prior lien, and he therefore could not be an innocent purchaser without notice of it. Having notice of the purported prior lien, and the fact appearing that it was a prior lien, appellant must be held to have purchased subject to it.

It is further claimed by appellant that his mortgage is entitled to preference because it was a purchase-money mortgage, and he assigns error because the trial court failed to make a finding of fact upon the subject. This claim cannot be sustained. A mortgage for purchase money, to be entitled to preference, must be executed simultaneously with the deed of conveyance from the vendor. If an interval of time is left between the two transactions, the preference is lost. 1 Jones on Mortgages, § 583. Here the conveyance was dated March 20, 1924, and recorded April 7, 1924, and the appellant's mortgage was dated April 18, 1924, and recorded April 23, 1924. During the interval between the recording of the deed and the recording of appellant's mortgage, the state's mortgage was executed and recorded. Besides this, the state's mortgage 1 Jones on Mortgages, § 586. On the score of purchase was as much a purchase-money mortgage as the other.

money the equities of the two mortgages were equal. This feature of the case was immaterial, and no error was committed in disregarding it.

We perceive no error in the record.

Judgment affirmed.

THURMAN, C. J., and STRAUP, HANSEN and GIDEON, JJ., concur.